In the Matter of the Judicial Settlement of the Accounts of ANDREW
    B. GILFILLAN, as Executor, etc., of EDWARD ZAREMBA,
    Deceased.

THE MARINE TRUST COMPANY OF BUFFALO, as Committee of the
    Estate of CLARA ZAREMBA, an Incompetent, Claimant, Appellant;
    ANDREW B. GILFILLAN, SR., as Executor, etc., of EDWARD
    ZAREMBA, Deceased, Respondent.

Fourth Department, December 27, 1939.

*Thurman W. Stoner*, for the appellant.

*Andrew B. Gilfillan, Jr.* [*Harry D. Sanders* of counsel], for the respondent.

PER CURIAM. In 1920 the capital stock of the Ore Chimney Mining Company, Ltd., of Ontario, Dominion of Canada, was selling for one dollar per share. Edward Zaremba purchased about 160,000 shares for which he paid about $113,000. On his advice, his sister, Clara Zaremba, purchased 10,000 shares of this stock for which she paid $10,000. Feeling that he had been induced to

buy this stock by fraudulent representations practiced upon him by the seller, Edward instituted an action against certain of the directors of the company to recover the damages he had suffered. While this action was pending the company's stock was selling on the street for thirty-seven cents a share. Edward was dealing in the stock. Not wishing, on account of his lawsuit, to sell any of the shares bearing his name, he borrowed the 10,000 shares which his sister owned upon the agreement that he would give her 15,000 shares of his stock in return. He sold the stock which he had borrowed from her. He then entered into a written agreement with certain directors of the company wherein they agreed, in substance, to pay him $65,000 in full settlement of the pending action, the money to be paid in monthly installments commencing April 1, 1928, and ending December 1, 1929. After the making of this agreement, Edward entered into a verbal agreement with his sister wherein it was agreed that instead of giving her 15,000 shares of stock he would pay her $10,000 and interest as and when he should receive that amount under the above agreement, she to receive the $10,000 from the first moneys paid thereunder. Six thousand dollars, and no more, was paid under the agreement and was received by her. Edward Zaremba died. Clara Zaremba was adjudged an incompetent person. Her committee presented a claim against his estate for $4,000 and interest. The surrogate made a decree dismissing the claim presumably upon the ground that there was merely a promise to pay on a condition which had not been fulfilled. The committee has appealed. Edward never unconditionally promised to pay Clara $10,000, or any other sum. His promise to pay was a conditional promise and no more. She has received all the money paid under the agreement. Edward was not responsible for the default in payments under the agreement. In fact no negligence is charged against him. Nor did he make use of the agreement for his own advantage. True, he did nothing to enforce the agreement. But passive acquiescence was not an act of prevention or hinderance. (*Amies* v. *Wesnofske*, 255 N. Y. 156; *Mascioni* v. *Miller, Inc.*, 261 id. 1.) We think the condition as to payment was of the essence of the obligation and that it did not relate merely to the time of performance as claimed by the appellant. We have examined the rulings complained of upon the hearing in the court below and find no error of importance. The decree should be affirmed, without costs of this appeal to either party.

All concur. Present — SEARS, P. J., CROSBY, LEWIS, TAYLOR and DOWLING, JJ.

Decree affirmed, without costs of this appeal to either party.