In the Matter of the Estate of EDWARD ZAREMBA, Deceased.*

THE MARINE TRUST COMPANY OF BUFFALO, as Committee of the Estate of CLARA ZAREMBA, an Incompetent, Petitioner, Appellant, v. ANDREW B. GILFILLAN, SR., as Executor, etc., of EDWARD ZAREMBA, Deceased, Respondent.

Fourth Department, October 2, 1940.

* Revg. 173 Misc. 1034.

*Thurman W. Stoner,* for the appellant.

*Andrew B. Gilfillan, Jr.,* for the respondent.

PER CURIAM. This is an appeal from a decree of the Surrogate's Court of Erie County, dismissing a petition of the Marine Trust Company, as committee of the estate of Clara Zaremba, an incompetent, which prayed that $4,000 of the funds of the estate of Edward Zaremba be set aside to pay the contingent claim of petitioner if and when it becomes due. The facts are not in dispute. It has been heretofore decided that Edward Zaremba's promise to pay Clara Zaremba $4,000 was not absolute but rather conditional upon his receiving the sum from certain parties who owed him the amount and more, and that " the condition as to payment was of the essence of the obligation and that it did not relate merely to the time of performance." (*Matter of Zaremba,* 258 App. Div. 296.) The facts are sufficiently set forth in the opinion in the case cited.

The petitioner bases this proceeding upon the provisions of section 207 of the Surrogate's Court Act.

Formerly the petitioner held in its possession a certain contract between the decedent and the Ore Chimney Mining Co., Ltd., also certain stock and coupon notes of said company as security for the payment of sums of money vastly in excess of $4,000, but, in a former proceeding, the petitioner was compelled to surrender said contract, stock and notes to the executor of the will of Edward Zaremba, and said executor now holds the same and is attempting to settle his accounts and distribute the assets of the estate.

It seems to be conceded that the contract, stock and coupon notes of the Ore Chimney Mining Co., Ltd., are of doubtful value, and that the $4,000 will very likely never be paid by that company. Therefore, there would seem to be justice in the surrogate's holding that $4,000 should not be withheld from the legatees under Edward Zaremba's will until the happening of the remote contingency that the Ore Chimney Mining Co., Ltd., will make payment. It has been in default for several years.

On the other hand, it is unjust to permit the executor to continue to hold, and to account for, and distribute the assets which petitioner formerly had as security for the payment of the money due it as committee.

The surrogate has power to make an equitable disposition of this matter (Surr. Ct. Act, § 20) and it would seem that the contract, stock and coupon notes of the Ore Chimney Mining Co., Ltd., might be set aside to meet the contingent claim. The petitioner is not entitled to more than that, for if it ever becomes entitled

to receive the $4,000, it will be because the Ore Chimney Mining Co., Ltd., meets its obligations under the contract, stock and notes. And the executor should not complain at being compelled to turn over to the petitioner assets which, as he claims, are worthless.

The surrogate's decree should be reversed on the law and facts, without costs, and the matter remitted to the surrogate to make an equitable disposition in accordance with this opinion.

All concur. Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.

Decree reversed on the law and facts, without costs, and matter remitted to the Surrogate's Court for further proceedings in accordance with the opinion.